UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ERIC N. UMBACH and JOSEPH D.
SPECKING,

     Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent - Appellee.

Nos. 02-9006 and 02-9007

ORDER
Filed January 29, 2004

Before **MURPHY**, **HARTZ** and **McCONNELL**, Circuit Judges.

     Appellee's motion to publish the order and judgment dated December 11, 2003, is granted.  A copy of the published opinion is attached.

Entered for the Court
Patrick Fisher, Clerk of Court

By:
     Amy Frazier
     Deputy Clerk

F I L E D
United States Court of Appeals
Tenth Circuit

DEC 11 2003

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERIC N. UMBACH,

        Petitioner-Appellant,

    v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 02-9006

JOSEPH D. SPECKING,

        Petitioner-Appellant,

    v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 02-9007

**APPEALS FROM THE UNITED STATES TAX COURT**
**(T. C. Nos. 12348-99 and 12010-99)**

Submitted on the briefs:

Kenneth W. McWade, Kailua, Hawaii, for Petitioners-Appellants.

Eileen J. O'Connor, Assistant Attorney General, David English Carmack and
Kenneth W. Rosenberg, Attorneys, Tax Division, Department of Justice,
Washington, D.C., for Respondent-Appellee.

Before **MURPHY**, **HARTZ**, and **McCONNELL**, Circuit Judges.

**HARTZ**, Circuit Judge.

In these appeals we decide whether taxpayers Eric N. Umbach and Joseph D. Specking (Taxpayers) may exclude from gross income their compensation earned while working on Johnston Island, a United States possession, in 1995, 1996, and 1997. Taxpayers sought to exclude their compensation under either 26 U.S.C. § 911, which excludes income earned in a foreign country, or 26 U.S.C. § 931, which excludes income earned in a "specified possession" of the United States. We review these legal issues de novo, *see Twenty Mile Joint Venture, PND, Ltd. v. Comm'r*, 200 F.3d 1268, 1275 (10th Cir. 1999), and hold that the compensation is not excludable under either section. Accordingly, we affirm the decision of the Tax Court, *Specking v. Comm'r*, 117 T.C. 95 (2001).[1]

---

[1]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

BACKGROUND

The parties have stipulated to the facts. Taxpayers worked for Raytheon Engineers and Constructors, Inc. (Raytheon) on Johnston Island in 1995, 1996, and 1997. Johnston Island is located approximately 700 miles west-southwest of Honolulu, Hawaii. It is part of the Johnston Atoll, a United States military installation and bird refuge.

For the 1995, 1996, and 1997 tax years, Mr. Umbach reported wage income from Raytheon on his tax return in the amounts of $97,492, $103,112, and $100,659, respectively. Mr. Specking reported wage income from Raytheon for the same years in the amounts of $74,552, $85,385, and $95,246, respectively. On their 1997 tax returns both deducted $70,000 from their wage income. *See* Tax Reform Act of 1986, Pub. L. No. 99-514, § 1233(a), 100 Stat. 2085, 2564 (1986) (establishing $70,000 maximum for annual foreign-earned-income exclusion for years at issue here). Also, both filed amended returns for 1995 and 1996, claiming refunds because $70,000 of their wage income was excludable from gross income under § 911 or § 931. They asserted on these amended returns that under § 931 and 26 C.F.R. § 1.931-1 their earnings from Johnston Island were earned income from a foreign source and therefore excludable as foreign income.

After allowing tax refunds for 1995 and 1996, the Internal Revenue Service (IRS) sent deficiency notices for tax years 1995, 1996, and 1997, disallowing the claimed $70,000 exclusions. The IRS denied the exclusions because (1) Johnston Island is not a foreign country and therefore the earned income was not excludable under § 911, and (2) Taxpayers were not bona fide residents of a "specified possession" as defined in § 931(c) and therefore did not qualify for income exclusion under § 931.

Taxpayers petitioned the Tax Court for a redetermination of the deficiencies. The Tax Court affirmed the view of the Commissioner.

## JURISDICTION

As a preliminary matter, we consider our jurisdiction over these appeals. This court requested that the parties brief whether the notices of appeal in both appeals were timely filed. We agree with the parties that the appeals are timely. The Tax Court entered its decisions in these cases on February 1, 2002. Under 26 U.S.C. § 7483 and Fed. R. App. P. 13(a)(1), the ninety-day deadline to file a timely notice of appeal expired on May 2. Although the notices of appeal were not filed until May 9, their envelopes were postmarked April 29. According to 26 U.S.C. § 7502, these postmarks establish timely filings within the ninety-day deadline. *See also* Fed. R. App. P. 13(b) (recognizing notice of appeal mailed to Tax Court "is considered filed on the postmark date, subject to § 7502").

Accordingly, we exercise jurisdiction over these appeals under 26 U.S.C. § 7482(a)(1).

ANALYSIS

The Internal Revenue Code broadly defines gross income as "all income from whatever source derived." 26 U.S.C. § 61(a). "Thus, any gain constitutes gross income unless the taxpayer demonstrates that it falls within a specific exemption." *Brabson v. United States*, 73 F.3d 1040, 1042 (10th Cir. 1996); *see also Comm'r v. Glenshaw Glass Co.*, 348 U.S. 426, 430 (1955). Unlike the sweeping inclusion of § 61(a), exclusions from income are narrowly construed. *See Comm'r v. Schleier*, 515 U.S. 323, 327-28 (1995). They "are not to be implied; they must be unambiguously proved." *United States v. Wells Fargo Bank*, 485 U.S. 351, 354 (1988). Taxpayers therefore must clearly bring themselves within the terms of the statutes they point to as granting an exemption. *See Jones v. Kyle*, 190 F.2d 353, 353 (10th Cir. 1951).

I. Applicability of § 931

As amended by the Tax Reform Act of 1986 (TRA), § 931 provides in part:

> (a) **General Rule.** –In the case of an individual who is a bona fide resident of a specified possession during the entire taxable year, gross income shall not include–
> > (1) income derived from sources within any specified possession, and
> > (2) income effectively connected with the conduct of a trade or business by such individual within any specified possession.

26 U.S.C. § 931(a)(1), (2). The statute defines a "specified possession" as Guam, American Samoa, or the Northern Mariana Islands. *Id.* § 931(c). Prior to the TRA, § 931 excluded income from sources within various United States possessions, including Johnston Island, from gross income if certain conditions were met. *See Farrell v. United States*, 313 F.3d 1214, 1219 (9th Cir. 2002). Thus, Taxpayers' income from Johnston Island would be excluded under the old version but not the new. That is not disputed by the parties. What the parties do dispute is which version of § 931 applies. Resolution of the dispute turns on the effective-date provisions of the TRA.

The amendment to § 931 appears in § 1272 of the TRA, which is contained in Subtitle G of Title XII of that statute. The effective date provision for this subtitle is § 1277, which states, in pertinent part:

SEC. 1277. EFFECTIVE DATE

    (a) IN GENERAL.–Except as otherwise provided in this section, the amendments made by this subtitle shall apply to taxable years beginning after December 31, 1986.
    (b) SPECIAL RULE FOR GUAM, AMERICAN SAMOA, AND THE NORTHERN MARINA ISLANDS.–The amendments made by this subtitle shall apply with respect to Guam, American Samoa, or the Northern Mariana Islands (and to residents thereof and corporations created or organized therein) only if (and so long as) an implementing agreement under section 1271 is in effect between the United States and such possession.

Tax Reform Act of 1986, Pub. L. No. 99-514, § 1277(a), (b), 100 Stat. 2085, 2600 (1986).

Taxpayers rely on subsection (b). They assert that because Guam, American Samoa, and the Northern Mariana Islands have not enacted the required implementing agreements, the old version of § 931 still applies. Although they claim support for their position in some language of the Tax Court opinion in their case, we think they misread the opinion. In any event, we are not bound by that opinion, *see Twenty Mile Joint Venture*, 200 F.3d at 1275, and reject their argument.

Section 1277(a) states that the new version of I.R.C. § 931 applies to taxable years beginning after December 31, 1986, unless another subsection provides otherwise. But subsection (b) (the only one possibly applicable here) speaks only of the amendments in Subtitle G as they apply with respect to Guam, American Samoa, or the Northern Mariana Islands. Subsection (b) thus has no effect on the law regarding Johnston Island. The statutory language is clear, and we see no reason to believe that we are missing the intended meaning. Taxpayers have offered no explanation why the tax law regarding Johnston Island should be affected by agreements between the United States and the three named possessions. We note that the Ninth Circuit has read the statute the same as we have. *See Farrell*, 313 F.3d at 1219 (contingency of signed agreements between United States and three specified possessions affects only taxable income derived

from sources within those possessions and does not affect income derived from sources within other United States possessions).

Taxpayers find support for their position in the Treasury regulation interpreting § 931. To be sure, since 1975, 26 C.F.R. § 1.931-1 has listed Johnston Island among the "possessions of the United States" to which § 931 applies. *See* 40 Fed. Reg. 50,260 (Oct. 29, 1975). An interpretative regulation, however, can hardly override clear statutory language. *See Scofield v. Lewis*, 251 F.2d 128, 132 (5th Cir. 1958). Also, it is obvious that §1.931-1(a)(1) is not interpreting the new § 931. Although the Treasury Secretary should update Treasury regulations to conform to the law, *see* 26 U.S.C. § 7805(a), it is unfortunately true that "[t]he Treasury's relaxed approach to amending its regulations to track Code changes is well documented," *United Dominion Indus., Inc. v. United States*, 532 U.S. 822, 836 (2001). We agree with the Ninth Circuit that the regulation is simply incorrect with reference to Johnston Island. *See Farrell*, 313 F.3d at 1219.

There may be more merit to Taxpayers' contention that the Commissioner's failure to amend § 1.931-1 for many years after the TRA should preclude any additions to tax until the regulation is amended and should entitle them to abatement of interest under 26 U.S.C. § 6404(e) for the three tax years at issue. They have failed to show, however, that they presented this argument to the Tax

Court.  *See* 10th Cir. R. 28.2(C)(2).  The argument therefore is not properly

before us and we will not consider it.      *See Lopez v. Behles (In re Am. Ready Mix,

Inc.)* , 14 F.3d 1497, 1502 (10th Cir. 1994).

II.  Applicability of § 911

As relevant here, § 911 provides:

> (a) **Exclusion from gross income.**    –At the election of a
> qualified individual . . ., there shall be excluded from the gross
> income of such individual, and exempt from taxation under this
> subtitle, for any taxable year–
> (1) the foreign earned income of such individual . . . .

26 U.S.C. § 911(a)(1).  "Foreign earned income" is the amount an individual

receives "from sources within a foreign country . . . which constitute[s] earned

income attributable to services performed by such individual" during the

applicable time period described in 26 U.S.C. § 911(d)(1)(A) or (B).       *Id.*

§ 911(b)(1)(A).  Under § 911(d)(1)(A) or (B), to qualify for the exclusion, the

individual's tax home must be in a foreign country and the individual must be

a United States citizen who has been a bona fide resident of the foreign country

for the entire tax year or a United States citizen or resident who has been present

in the foreign country for at least 330 full days during twelve consecutive months.

*See also*  26 C.F.R. § 1.911-2(a).  The regulations define a "foreign country"

as "any territory under the sovereignty of a government other than that of the

United States,"  *id.* § 1.911-2(h), and "United States" to "include[] any territory

-9-

under the sovereignty of the United States[,]" including its "possessions and territories," *id.* § 1.911-2(g).

Taxpayers do not dispute that Johnston Island is not a foreign country, but is instead a United States possession. Thus, as the Tax Court stated:

> Inasmuch as Johnston Island does not fall within the definition of a foreign country, the compensation [Taxpayers] earned on Johnston Island does not come within the definition of "foreign earned income", nor was their "tax home" in a foreign country. Sec. 911(b)(1)(A) and (d). Consequently, [they] cannot satisfy the requirements for the exclusion from income provided by section 911.

*Specking*, 117 T.C. at 113; *see also Farrell*, 313 F.3d at 1218.

Understandably, then, Taxpayers do not rely on the language of § 911. Nor do they rely on its accompanying regulations. Rather they rely on a regulation interpreting § 931. That regulation, 26 C.F.R. § 1.931-1(b)(2), provides:

> *Relationship of sections 931 and 911.* A citizen of the United States who cannot [qualify under] section 931 but who receives earned income from sources within a possession of the United States, is not deprived of the benefits of the provisions of section 911 (relating to the exemption of earned income from sources outside the United States), *provided he meets the requirements thereof*. In such a case none of the provisions of section 931 is applicable in determining the citizen's tax liability. . . .

26 C.F.R. § 1.931-1(b)(2) (emphasis added).

Taxpayers' reliance is misplaced. The quoted provision does not purport to expand § 911 benefits. All it is saying is that failure to qualify for § 931 benefits does not in itself disqualify the citizen from § 911 benefits. By the regulation's

-10-

very terms, a citizen can receive the benefits of § 911 only if he or she meets that section's requirements. Neither of the Taxpayers satisfied § 911.

## CONCLUSION

Taxpayers cannot exclude from gross income their compensation earned while working on Johnston Island under either § 931 or § 911. Accordingly, we AFFIRM the Tax Court's judgments.