T.C. Memo. 2007-245


UNITED STATES TAX COURT


MATTHEW G. NEWCOMB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6610-05.                    Filed August 27, 2007.


<u>Larry D. Harvey</u>, for petitioner.

<u>Randall L. Preheim</u>, for respondent.


MEMORANDUM OPINION


VASQUEZ, <u>Judge</u>:  This case is before the Court on

respondent's motion for summary judgment pursuant to Rule 121.[1]

_____

[1] Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
years in issue.

After a concession,[2] the sole issue for decision is whether petitioner can exclude from income wages earned during 2001 and 2002 from working in Antarctica.

## Background

At the time he filed the petition, petitioner resided in Williams Bay, Wisconsin. During 2001 and 2002, petitioner performed services at McMurdo Station in Ross Island, Antarctica. On his 2001 and 2002 Federal income tax returns, petitioner excluded wage income earned and received during 2001 and 2002 for services performed in Antarctica.

## Discussion

### I. Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and that the legal issues presented by the motion may be decided as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

---

[2] Respondent concedes that no penalty pursuant to sec. 6662 is due from petitioner for 2001 and 2002.

II.  <u>In General</u>

Section 61(a) provides that gross income means all income from whatever source derived.  Accordingly, citizens of the United States generally are taxed on income earned outside the geographical boundaries of the United States unless the income is specifically excluded from gross income.  <u>Specking v. Commissioner</u>, 117 T.C. 95, 101-102 (2001), affd. sub nom. <u>Haessly v. Commissioner</u>, 68 Fed. Appx. 44 (9th Cir. 2003), affd. sub nom. <u>Umbach v. Commissioner</u>, 357 F.3d 1108 (10th Cir. 2003). Exclusions from income are construed narrowly, and taxpayers must bring themselves within the clear scope of the exclusion.  <u>Id.</u>

III.  <u>Section 911</u>

In <u>Arnett v. Commissioner</u>, 126 T.C. 89, 91-96 (2006) (Arnett I), affd. 473 F.3d 790 (7th Cir. 2007) (Arnett II), we addressed the arguments made by the parties herein regarding section 911. The U.S. Court of Appeals for the Seventh Circuit, to which an appeal of the case herein apparently lies, agreed with our analysis of section 911 and affirmed our conclusion that Antarctica is not a "foreign country" pursuant to section 911 and the regulations thereunder.  <u>Arnett v. Commissioner</u>, 473 F.3d at 799.  We shall not repeat our analysis from Arnett I herein.  We follow our analysis and holding in Arnett I and the analysis and holding of the Court of Appeals in Arnett II, to which an appeal of the case herein apparently lies.

IV.  <u>Conclusion</u>

Accordingly, for the reasons stated in Arnett I, Arnett II, and herein, we conclude that petitioner cannot exclude from gross income wages earned during 2001 and 2002 from working in Antarctica.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.