T.C. Summary Opinion 2007-166

UNITED STATES TAX COURT

DAVID M. AND PHYLLIS E. BROWN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6412-04S.                  Filed September 24, 2007.

David M. and Phyllis E. Brown, pro sese.

Randall L. Preheim, for respondent.

VASQUEZ, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1]  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.

this opinion shall not be treated as precedent for any other case.

This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. After a concession,[2] the sole issue for decision is whether petitioners can exclude from income wages earned during 2000 from working in Antarctica.

## Background

At the time they filed the petition, petitioners resided in Green Valley, Arizona. During 2000, petitioners performed services at McMurdo Station in Ross Island, Antarctica. On their 2000 Federal income tax return, petitioners excluded wage income earned and received during 2000 for services performed in Antarctica.

## Discussion

### I. Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and that the legal issues presented by the motion may be decided as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th

---

[2] Respondent concedes that no penalty pursuant to sec. 6662 is due from petitioners for 2000.

Cir. 1994).  We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

II.  In General

Section 61(a) provides that gross income means all income from whatever source derived.  Accordingly, citizens of the United States generally are taxed on income earned outside the geographical boundaries of the United States unless the income is specifically excluded from gross income.  Specking v. Commissioner, 117 T.C. 95, 101-102 (2001), affd. sub nom. Haessly v. Commissioner, 68 Fed. Appx. 44 (9th Cir. 2003), affd. sub nom. Umbach v. Commissioner, 357 F.3d 1108 (10th Cir. 2003). Exclusions from income are construed narrowly, and taxpayers must bring themselves within the clear scope of the exclusion.  Id.

III.  Section 911

In Arnett v. Commissioner, 126 T.C. 89, 91-96 (2006) (Arnett I), affd. 473 F.3d 790 (7th Cir. 2007) (Arnett II), we addressed the arguments made by the parties herein regarding section 911. The U.S. Court of Appeals for the Seventh Circuit agreed with our analysis of section 911 and affirmed our conclusion that Antarctica is not a "foreign country" pursuant to section 911 and

the regulations thereunder.  Arnett v. Commissioner, 473 F.3d at 799.  We shall not repeat our analysis from Arnett I herein.  We follow our analysis and holding in Arnett I and the analysis and holding of the Court of Appeals in Arnett II.[3]

---

[3]  In Arnett v. Commissioner, 126 T.C. 89 (2006), affd. 473 F.3d 790 (7th Cir. 2007), we concluded our Opinion with a citation of sec. 863(d) suggesting that sec. 863(d) provided an additional reason to rule against the taxpayer.  Id. at 96 ("See also sec. 863(d) (providing that income earned in Antarctica by a U.S. person is sourced in the United States).").  In Arnett v. Commissioner, 473 F.3d at 797, the U.S. Court of Appeals for the Seventh Circuit addressed sec. 863(d) in greater detail, stating:

> At the outset, we think that it is important to note that considering Antarctica not to be a "foreign country" is compatible with the general statutory scheme.  Notably, section 911 is found under subtitle A, chapter 1, subchapter N of the IRC, which is designated "Tax Based on Income from Sources Within or Without the United States."  Part I of this subchapter, entitled "Source Rules and Other General Rules Relating to Foreign Income," deems any activity in Antarctica to be "space or ocean activity."  In turn, the United States is designated the source country of income from such activity when earned by a citizen of the United States.  26 U.S.C. § 863(d).  Although this provision does not provide a definitive answer as to whether Antarctica is a "foreign country," it supports the conclusion that section 911 is not intended to apply to income earned for services provided in Antarctica.

We take this opportunity to state our agreement with the Court of Appeals' conclusion set forth above.  See also HCSC-Laundry v. United States, 450 U.S. 1, 6 (1981).

IV.  <u>Conclusion</u>

Accordingly, for the reasons stated in Arnett I, Arnett II, and herein, we conclude that petitioners cannot exclude from gross income wages earned during 2000 from working in Antarctica.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.