T.C. Memo. 2008-7

UNITED STATES TAX COURT

JOHN K. YAMASAKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20712-03.                    Filed January 22, 2008.

John K. Yamasaki, pro se.

<u>Randall L. Preheim</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency in and a
section 6662 penalty on petitioner's 2000 Federal income tax.[1]

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.

After a concession,[2] the sole issue for decision is whether petitioner can exclude from income wages earned during 2000 from working in Antarctica.

## Background

At the time he filed the petition, petitioner resided in Tucson, Arizona.  During 2000, petitioner performed services at McMurdo Station in Ross Island, Antarctica.  On his 2000 Federal income tax return, petitioner excluded wage income earned and received during 2000 for services performed in Antarctica.

## Discussion

### I.  In General

Section 61(a) provides that gross income means all income from whatever source derived.  Accordingly, citizens of the United States generally are taxed on income earned outside the geographical boundaries of the United States unless the income is specifically excluded from gross income.  Specking v. Commissioner, 117 T.C. 95, 101-102 (2001), affd. sub nom. Haessly v. Commissioner, 68 Fed. Appx. 44 (9th Cir. 2003), affd. sub nom. Umbach v. Commissioner, 357 F.3d 1108 (10th Cir. 2003). Exclusions from income are construed narrowly, and taxpayers must bring themselves within the clear scope of the exclusion.  Id.

---

[2]  Respondent concedes that no penalty pursuant to sec. 6662 is due from petitioner for 2000.

II.  <u>Section 911</u>

In <u>Arnett v. Commissioner</u>, 126 T.C. 89, 91-96 (2006) (Arnett I), affd. 473 F.3d 790 (7th Cir. 2007) (Arnett II), we addressed the arguments made by the parties herein regarding section 911. The U.S. Court of Appeals for the Seventh Circuit agreed with our analysis of section 911 and affirmed our conclusion that Antarctica is not a "foreign country" pursuant to section 911 and the regulations thereunder.  <u>Arnett v. Commissioner</u>, 473 F.3d at 799.  We shall not repeat our analysis from Arnett I herein.  We follow our analysis and holding in Arnett I and the analysis and holding of the Court of Appeals in Arnett II.[3]

---

[3]  In <u>Arnett v. Commissioner</u>, 126 T.C. 89 (2006), affd. 473 F.3d 790 (7th Cir. 2007), we concluded our Opinion with a citation of sec. 863(d) suggesting that sec. 863(d) provided an additional reason to rule against the taxpayer.  <u>Id.</u> at 96 ("See also sec. 863(d) (providing that income earned in Antarctica by a U.S. person is sourced in the United States).").  In <u>Arnett v. Commissioner</u>, 473 F.3d at 797, the U.S. Court of Appeals for the Seventh Circuit addressed sec. 863(d) in greater detail, stating:

At the outset, we think that it is important to note that considering Antarctica not to be a "foreign country" is compatible with the general statutory scheme.  Notably, section 911 is found under subtitle A, chapter 1, subchapter N of the IRC, which is designated "Tax Based on Income from Sources Within or Without the United States."  Part I of this subchapter, entitled "Source Rules and Other General Rules Relating to Foreign Income," deems any activity in Antarctica to be "space or ocean activity."  In turn, the United States is designated the source country of income from such activity when earned by a citizen of the United States.  26 U.S.C. § 863(d).  Although this provision does not provide a definitive answer as to whether Antarctica is a "foreign country," it supports the

(continued...)

III.  Conclusion

Accordingly, for the reasons stated in Arnett I, Arnett II, and herein, we conclude that petitioner cannot exclude from gross income wages earned during 2000 from working in Antarctica.

To reflect the foregoing,

An appropriate decision

will be entered.

---

   [3](...continued)
   conclusion that section 911 is not intended to apply to income earned for services provided in Antarctica.

We take this opportunity to state our agreement with the Court of Appeals' conclusion set forth above.  See also HCSC-Laundry v. United States, 450 U.S. 1, 6 (1981).