T.C. Memo. 2008-47

UNITED STATES TAX COURT

JOHN P. AND PHAIK HAHN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9139-04.                    Filed March 3, 2008.

Larry D. Harvey, for petitioners.

Randall L. Preheim, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on
respondent's motion for summary judgment pursuant to Rule 121.[1]

_____

    [1]  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
years in issue.

After a concession,[2] the sole issue for decision is whether petitioner John P. Hahn can exclude from income wages earned during 2000 from working in Antarctica and petitioners can exclude from income wages earned during 2001 from working in Antarctica.

## Background

At the time they filed the petition, petitioners resided in Priest River, Idaho. During 2000, petitioner John P. Hahn performed services at McMurdo Station in Ross Island, Antarctica. On his 2000 Federal income tax return, petitioner excluded wage income earned and received during 2000 for services performed in Antarctica. During 2001, petitioners performed services at McMurdo Station in Ross Island, Antarctica. On their 2001 Federal income tax return, petitioners excluded wage income earned and received during 2001 for services performed in Antarctica.

## Discussion

### I. Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact

---

[2] Respondent concedes that no penalty pursuant to sec. 6662 is due from petitioner John P. Hahn for 2000 or from petitioners for 2001.

and that the legal issues presented by the motion may be decided as a matter of law.  See Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

II.  <u>In General</u>

Section 61(a) provides that gross income means all income from whatever source derived.  Accordingly, citizens of the United States generally are taxed on income earned outside the geographical boundaries of the United States unless the income is specifically excluded from gross income.  <u>Specking v. Commissioner</u>, 117 T.C. 95, 101-102 (2001), affd. sub nom. <u>Haessly v. Commissioner</u>, 68 Fed. Appx. 44 (9th Cir. 2003), affd. sub nom. <u>Umbach v. Commissioner</u>, 357 F.3d 1108 (10th Cir. 2003). Exclusions from income are construed narrowly, and taxpayers must bring themselves within the clear scope of the exclusion.  <u>Id.</u>

III.  <u>Section 911</u>

In <u>Arnett v. Commissioner</u>, 126 T.C. 89, 91-96 (2006) (Arnett I), affd. 473 F.3d 790 (7th Cir. 2007) (Arnett II), we addressed the arguments made by the parties herein regarding section 911. The U.S. Court of Appeals for the Seventh Circuit agreed with our analysis of section 911 and affirmed our conclusion that Antarctica is not a "foreign country" pursuant to section 911 and

the regulations thereunder.  Arnett v. Commissioner, 473 F.3d at

799.  We shall not repeat our analysis from Arnett I herein.  We

follow our analysis and holding in Arnett I and the analysis and

holding of the Court of Appeals in Arnett II.[3]

IV.  Conclusion

Accordingly, for the reasons stated in Arnett I, Arnett II,

and herein, we conclude that petitioner John P. Hahn cannot

exclude from gross income wages earned during 2000 from working

---

[3] In Arnett v. Commissioner, 126 T.C. 89 (2006), affd. 473
F.3d 790 (7th Cir. 2007), we concluded our Opinion with a
citation of sec. 863(d) suggesting that sec. 863(d) provided an
additional reason to rule against the taxpayer.  Id. at 96 ("See
also sec. 863(d) (providing that income earned in Antarctica by a
U.S. person is sourced in the United States).").  In Arnett v.
Commissioner, 473 F.3d at 797, the U.S. Court of Appeals for the
Seventh Circuit addressed sec. 863(d) in greater detail, stating:

> At the outset, we think that it is important to
> note that considering Antarctica not to be a "foreign
> country" is compatible with the general statutory
> scheme.  Notably, section 911 is found under subtitle
> A, chapter 1, subchapter N of the IRC, which is
> designated "Tax Based on Income from Sources Within or
> Without the United States."  Part I of this subchapter,
> entitled "Source Rules and Other General Rules Relating
> to Foreign Income," deems any activity in Antarctica to
> be "space or ocean activity."  In turn, the United
> States is designated the source country of income from
> such activity when earned by a citizen of the United
> States.  26 U.S.C. § 863(d).  Although this provision
> does not provide a definitive answer as to whether
> Antarctica is a "foreign country," it supports the
> conclusion that section 911 is not intended to apply to
> income earned for services provided in Antarctica.

We take this opportunity to state our agreement with the Court of
Appeals' conclusion set forth above.  See also HCSC-Laundry v.
United States, 450 U.S. 1, 6 (1981).

in Antarctica, and petitioners cannot exclude from gross income wages earned during 2001 from working in Antarctica.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.