T.C. Memo. 2008-52

UNITED STATES TAX COURT

SEAN T. NORDQUIST, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9985-04.                    Filed March 5, 2008.

Larry D. Harvey, for petitioner.

Randall L. Preheim, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on
respondent's motion for summary judgment pursuant to Rule 121.[1]

_____

    [1]  Unless otherwise indicated, all Rule references are to
the Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code in effect for the
year in issue.

After a concession,[2] the sole issue for decision is whether petitioner can exclude from income wages earned during 2001 from working in Antarctica.

## Background

At the time he filed the petition, petitioner resided in Bellingham, Washington. During 2001, petitioner performed services at McMurdo Station in Ross Island, Antarctica. On his 2001 Federal income tax return, petitioner excluded wage income earned and received during 2001 for services performed in Antarctica.

## Discussion

### I. Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and that the legal issues presented by the motion may be decided as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

---

[2] Respondent concedes that no penalty pursuant to sec. 6662 is due from petitioner for 2001.

II. <u>In General</u>

Section 61(a) provides that gross income means all income from whatever source derived. Accordingly, citizens of the United States generally are taxed on income earned outside the geographical boundaries of the United States unless the income is specifically excluded from gross income. <u>Specking v. Commissioner</u>, 117 T.C. 95, 101-102 (2001), affd. sub nom. <u>Haessly v. Commissioner</u>, 68 Fed. Appx. 44 (9th Cir. 2003), affd. sub nom. <u>Umbach v. Commissioner</u>, 357 F.3d 1108 (10th Cir. 2003). Exclusions from income are construed narrowly, and taxpayers must bring themselves within the clear scope of the exclusion. <u>Id.</u>

III. <u>Section 911</u>

In <u>Arnett v. Commissioner</u>, 126 T.C. 89, 91-96 (2006) (Arnett I), affd. 473 F.3d 790 (7th Cir. 2007) (Arnett II), we addressed the arguments made by the parties herein regarding section 911. The U.S. Court of Appeals for the Seventh Circuit agreed with our analysis of section 911 and affirmed our conclusion that Antarctica is not a "foreign country" pursuant to section 911 and the regulations thereunder. <u>Arnett v. Commissioner</u>, 473 F.3d at 799. We shall not repeat our analysis from Arnett I herein. We follow our analysis and holding in Arnett I and the analysis and holding of the Court of Appeals in Arnett II.[3]

---

[3] In <u>Arnett v. Commissioner</u>, 126 T.C. 89 (2006), affd. 473 F.3d 790 (7th Cir. 2007), we concluded our Opinion with a
                                                        (continued...)

IV.  Conclusion

    Accordingly, for the reasons stated in Arnett I, Arnett II,
and herein, we conclude that petitioner cannot exclude from gross
income wages earned during 2001 from working in Antarctica.

    To reflect the foregoing,

                                    An appropriate order and

                                    decision will be entered.

---

    [3](...continued)
citation of sec. 863(d) suggesting that sec. 863(d) provided an
additional reason to rule against the taxpayer.  Id. at 96 ("See
also sec. 863(d) (providing that income earned in Antarctica by a
U.S. person is sourced in the United States).").  In Arnett v.
Commissioner, 473 F.3d at 797, the U.S. Court of Appeals for the
Seventh Circuit addressed sec. 863(d) in greater detail, stating:

        At the outset, we think that it is important to
    note that considering Antarctica not to be a "foreign
    country" is compatible with the general statutory
    scheme.  Notably, section 911 is found under subtitle
    A, chapter 1, subchapter N of the IRC, which is
    designated "Tax Based on Income from Sources Within or
    Without the United States."  Part I of this subchapter,
    entitled "Source Rules and Other General Rules Relating
    to Foreign Income," deems any activity in Antarctica to
    be "space or ocean activity."  In turn, the United
    States is designated the source country of income from
    such activity when earned by a citizen of the United
    States.  26 U.S.C. § 863(d).  Although this provision
    does not provide a definitive answer as to whether
    Antarctica is a "foreign country," it supports the
    conclusion that section 911 is not intended to apply to
    income earned for services provided in Antarctica.

We take this opportunity to state our agreement with the Court of
Appeals' conclusion set forth above.  See also HCSC-Laundry v.
United States, 450 U.S. 1, 6 (1981).