T.C. Summary Opinion 2016-86

UNITED STATES TAX COURT

TIMOTHY CHARLES QUNELL, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22719-14S.               Filed December 19, 2016.

Timothy Charles Qunell, Jr., pro se.

C.D. Bradley and Madeline Morgan (student), for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

_____

    [1]Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended and in effect for 2011.  Rule references are to the Tax
Court Rules of Practice and Procedure.

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated July 25, 2014 (notice), respondent determined a $23,119 deficiency in petitioner's 2011 Federal income tax and imposed a $5,204 section 6651(a)(1) addition to tax, a $2,906.57 section 6651(a)(2) addition to tax, and a $4,623.80 section 6662(a) accuracy-related penalty. The issues for decision are whether: (1) wages petitioner earned in Afghanistan during 2011 are excludable from gross income under section 911(a); (2) petitioner is liable for the above-referenced additions to tax; and (3) petitioner is liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioner resided in Georgia.

After graduating from high school and completing 2-1/2 semesters of college petitioner enlisted in the U.S. Army and served on active duty for 17 years. Petitioner began working for AECOM Technology (AECOM) as an atmospheric manager in Afghanistan on July 7, 2010, in connection with a contract that AECOM held with the U.S. Department of Defense.

His employment with AECOM lasted approximately 1 year and 4 months. During that time petitioner lived on a U.S. military facility in Kabul, Afghanistan. Petitioner's passport records show that during 2011 he left Afghanistan from time to time for vacations. Early in 2011, he traveled to the United States. He was married on February 14 of that year and returned to Afghanistan without his wife a short time later.

During 2011 petitioner and his wife owned a house in Illinois (Illinois residence). His wife and their children lived in the Illinois residence while petitioner was working in Afghanistan. Neither petitioner's wife nor any of their children visited petitioner while he was in Afghanistan. Petitioner maintained several bank accounts, all at banks in the United States.

On November 18, 2011, on account of a disagreement with AECOM regarding the location of his next assignment, petitioner resigned. Petitioner wanted and believed he was entitled to an assignment in the United States. According to petitioner, AECOM "kept pushing it down the road * * * and keeping [him] in Afghanistan." Petitioner was unemployed from the time he left his employment with AECOM until he returned to the U.S. Army in July 2012.

Petitioner's 2011 Federal income tax return (return), due on April 15, 2012, was filed on November 5, 2013, after petitioner was notified that respondent was preparing a 2011 substitute for return.  See sec. 6020(b).

On a Form 2555, Foreign Earned Income, included with the return, petitioner disclosed the wages he earned from AECOM while employed in Afghanistan but took the position based on section 911(a), that his tax home was in Afghanistan, and excluded those wages from the income otherwise reported on that return.  We accept his claim that he did so upon the advice he received through a service offered by the Army and a recommendation made by an acquaintance who professionally prepared Federal income tax returns.

In the notice respondent determined that petitioner was not entitled to the section 911(a) foreign earned income exclusion for 2011.  Respondent further determined that petitioner was liable for the additions to tax under section 6651(a)(1) and (2), and for the accuracy-related penalty under section 6662(a) on various grounds.

## Discussion

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer generally bears the burden of proving them erroneous. Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).[2]

## I. Foreign Earned Income Exclusion

Section 61(a) provides that gross income means "all income from whatever source derived". Citizens of the United States are taxed on their worldwide income unless a specific exclusion applies. <u>Specking v. Commissioner</u>, 117 T.C. 95, 101-102 (2001), <u>aff'd sub nom.</u> <u>Haessly v. Commissioner</u>, 68 F. App'x 44 (9th Cir. 2003), <u>and aff'd sub nom.</u> <u>Umbach v. Commissioner</u>, 357 F.3d 1108 (10th Cir. 2003); <u>Eram v. Commissioner</u>, T.C. Memo. 2014-60, at *10. Exclusions from gross income are construed narrowly and a taxpayer must clearly establish his entitlement to any such exclusion. <u>Eram v. Commissioner</u>, at *10.

Section 911(a) provides that a "qualified individual" may, subject to limitations set forth in subsection (b)(2), elect to exclude from gross income his or her "foreign earned income." To be entitled to this exclusion, a taxpayer must satisfy two requirements. First, the taxpayer must be an individual "whose tax

---

[2]Petitioner does not claim and the record does not show that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

home is in a foreign country". Sec. 911(d)(1). Second, the taxpayer must either be a "bona fide resident" of one or more foreign countries or be physically present in such country or countries during at least 330 days in a 12-month period. Id.

We first consider whether petitioner's "tax home" during 2011 was in Afghanistan. Section 911(d)(3) defines the term "tax home" to mean, in the case of an individual, "such individual's home for purposes of section 162(a)(2)". Under section 162(a)(2), a person's home is generally considered to be the location of his regular or principal place of business. See Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). However, section 911(d)(3) goes on to provide that "[an] individual shall not be treated as having a tax home in a foreign country for any period for which his abode is within the United States." That is, an individual whose "abode" is within the United States cannot establish that his or her "tax home" is in a foreign country. See Jones v. Commissioner, 927 F.2d 849, 856 (5th Cir. 1991), rev'g T.C. Memo. 1989-616; Harrington v. Commissioner, 93 T.C. 297, 307 (1989).

In Bujol v. Commissioner, T.C. Memo. 1987-230, 53 T.C.M. (CCH) 762, aff'd without published opinion, 842 F.2d 328 (5th Cir. 1988), we considered the meaning of the word "abode" as used in section 911(d)(3). We pointed out:

> "Abode" has been variously defined as one's home, habitation,
> residence, domicile, or place of dwelling. Black's Law Dictionary 7
> (5th ed.1979). While an exact definition of "abode" depends upon
> the context in which the word is used, it clearly does not mean one's
> principal place of business. Thus, "abode" has a domestic rather than
> vocational meaning, and stands in contrast to "tax home" as defined
> for purposes of section 162(a)(2).

Id., 53 T.C.M. (CCH) at 763-764. A taxpayer's "abode" is generally in the country in which the taxpayer has the strongest economic, family, and personal ties. Id. at 764; see also Jones v. Commissioner, 927 F.2d at 856. A taxpayer posted abroad will invariably have some connections with the foreign country in which the taxpayer works; but where the taxpayer's ties to the United States are stronger, we have held that the taxpayer's "abode" remains in the United States. See, e.g., Harrington v. Commissioner, 93 T.C. at 308.

During 2011 petitioner owned a home in Illinois where his wife and children lived and he maintained bank accounts in the United States. See Lemay v. Commissioner, T.C. Memo. 1987-256, aff'd, 837 F. 2d 681 (5th Cir. 1988). Petitioner lived on a military facility in Kabul, Afghanistan, his family did not visit him there, and nothing in the record suggests that he traveled within Afghanistan other than as required by his employment. Moreover, he terminated his employment with AECOM because he wanted to return to the United States. His ties to Afghanistan were entirely transitory and did not extend much beyond, if

at all, the bare minimum required to perform his duties there. See Daly v. Commissioner, T.C. Memo. 2013-147, at *12 (finding a military contractor's tax home was not where he worked in Iraq and Afghanistan because his ties to those countries were "severely limited and transitory" and his abode was in the United States). Other than the location of his employment, petitioner has not established that he had any economic, family, or personal ties to Afghanistan. We are satisfied that petitioner's economic, family, and personal ties to the United States were sufficiently strong for us to consider the United States to be the location of his abode at all times relevant here.[3] That being so, the wages he earned in Afghanistan during 2011 are not excludable from his income under section 911(a).

## II. Additions to Tax

The burden of production with respect to the imposition of each addition to tax rests with respondent. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

### A. Section 6651(a)(1)

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for

---

[3]Because of our finding on this point, we need not decide whether petitioner met the "bona fide resident" or "physical presence" test of sec. 911(d)(1).

filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 5% of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25% for returns more than four months delinquent.

Petitioner's 2011 return was due to be filed on or before April 15, 2012, but it was not submitted for filing until on or about November 5, 2013. See secs. 6072(a), 7503. That being so, respondent's section 7491(c) burden of production has been met with respect to the imposition of the section 6651(a)(1) addition to tax. Petitioner does not argue, nor does the record show, that he had reasonable cause for failing to timely file his 2011 tax return. Respondent's imposition of the addition to tax under section 6651(a)(1) is sustained.

B. Section 6651(a)(2)

Section 6651(a)(2) provides for an addition to tax for failure to timely pay "the amount shown as tax on any return specified in paragraph (1)" unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition is calculated as 0.5% of the amount shown as tax on the return but not paid, with an additional 0.5% for each month or fraction thereof during which the failure to pay continues, up to a maximum of 25%. Id. The

amount of the addition to tax under section 6651(a)(2) reduces the addition to tax under section 6651(a)(1) for any month for which both additions to tax apply. See sec. 6651(c)(1).

Respondent has not submitted sufficient evidence to establish that a substitute for return relating to petitioner's 2011 tax liability had been produced. See sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. 200, 209-210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Cabirac v. Commissioner, 120 T.C. 163, 170-172 (2003), aff'd without published opinion, 94 A.F.T.R. 2d (RIA) 2004-5490 (3d Cir. 2004). That being so, respondent's section 7491(c) burden of production has not been met with respect to the imposition of the section 6651(a)(2) addition to tax. Accordingly, petitioner is not liable for the section 6651(a)(2) addition to tax.

III. Section 6662(a) Accuracy-Related Penalty

Lastly, we consider whether petitioner is liable for a section 6662(a) accuracy-related penalty.

Section 6662(a) imposes a 20% accuracy-related penalty on the portion of "an underpayment of tax required to be shown on a return" if, among other reasons, the underpayment is due to a substantial understatement of income tax. See sec. 6662(b)(2), (d). Respondent bears the burden of production with respect

to the imposition of a section 6662(a) accuracy-related penalty. See sec. 7491(c). In this case the underpayment of tax, as defined in section 6664(a), is equal to and computed in the same manner as the deficiency, see sec. 6211, and that amount is a substantial understatement of income tax because it exceeds the greater of $5,000 or 10% of the amount of tax required to have been shown on petitioner's 2011 return, see sec. 6662(d)(1)(A). It follows that respondent's burden of production has been met.

The section 6662(a) accuracy-related penalty does not apply to any portion of an underpayment as to which there was reasonable cause and the taxpayer acted in good faith, sec. 6664(c)(1); sec. 1.6664-4(b)(1), Income Tax Regs., but the burden of proof rests with the taxpayer to show that the penalty does not apply, see Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

On a Form 2555 attached to his 2011 return, petitioner disclosed the wages he sought to exclude from income under section 911(a). Furthermore, we accept his claim that he relied on the advice of tax professionals with respect to the application of section 911(a). The provisions of section 911(a) are technical, and we are satisfied that petitioner reasonably relied upon the advice he was given with respect to its application. We find that petitioner had reasonable cause and acted in good faith with respect to the underpayment of tax required to be shown

on his 2011 return.  <u>See</u> sec. 6664(c).   He is not liable for the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered for respondent with respect to the deficiency and the section 6651(a)(1) addition to tax, and for petitioner with respect to the section 6651(a)(2) addition to tax and the section 6662(a) penalty</u>.