151 T.C. No. 6

UNITED STATES TAX COURT

SIDNEY O'KAGU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3835-18.                        Filed September 19, 2018.

In 2014 and 2015 P earned wages while working in Germany under a personal services agreement for the U.S. Department of State.

<u>Held</u>:  Pursuant to 22 U.S.C. sec. 2669(c) (2012) P is considered an employee of the U.S. Government for income tax purposes; consequently, P is not entitled to the I.R.C. sec. 911 foreign earned income exclusion with respect to these wages.

Sidney O'Kagu, pro se.

<u>Christopher D. Davis</u>, for respondent.

OPINION

THORNTON, Judge: By notice of deficiency respondent determined deficiencies of $5,361 and $5,099 and section 6662(a) penalties of $1,072 and $1,020 in relation to petitioner's Federal income tax for 2014 and 2015, respectively.[1]

This case is before us on respondent's motion for partial summary judgment under Rule 121. Respondent seeks summary judgment that petitioner is not entitled to the section 911 foreign earned income exclusion with respect to wages that he earned while working in Germany under a personal services agreement (PSA) for the U.S. Department of State.

Although the Court directed petitioner to file a response to respondent's motion, petitioner failed to do so. Because petitioner failed to respond to the motion for partial summary judgment, the Court could enter a decision against him for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

## Background

The following facts are derived from the petition and respondent's motion for partial summary judgment and attachments thereto.

During 2014 and 2015 petitioner, a U.S. citizen, worked for the U.S. Department of State as a security equipment technician at the U.S. consulate in Frankfurt, Germany. He was hired in November 2013 as a "local hire civilian employee" pursuant to a PSA. Petitioner's PSA was negotiated and signed under the authority of section 2(c) of the State Department Basic Authorities Act of 1956 (Basic Authorities Act), ch. 38, 70 Stat. at. 890 (codified as amended at 22 U.S.C. sec. 2669(c) (2012)), which authorizes the Secretary of State to "employ individuals or organizations, by contract, for services abroad".

For 2014 and 2015 petitioner's wages were reported on Forms W-2, Wage and Tax Statement, issued by the U.S. Department of State. Petitioner filed Federal income tax returns on Forms 1040, U.S. Individual Income Tax Return, for 2014 and 2015. Petitioner attached to his returns Forms 2555, Foreign Earned Income, on which he claimed, pursuant to section 911, exclusions of $67,690 and $100,800 for 2014 and 2015, respectively.

On November 17, 2017, the Internal Revenue Service issued a notice of deficiency disallowing petitioner's foreign earned income exclusions for 2014 and

2015. The notice of deficiency also determined that petitioner is liable for accuracy-related penalties pursuant to section 6662(a) for 2014 and 2015.

On February 22, 2018, while residing in Germany, petitioner timely petitioned this Court.[2]

Discussion

A. Summary Judgment Standard

The Court may grant a motion for summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). Partial summary adjudication is appropriate if some but not all issues in a case can be disposed of summarily. See Rule 121(b); Turner Broad. Sys., Inc. v. Commissioner, 111 T.C. 315, 323-324 (1998). A party moving for summary judgment bears the burden of showing that there is no genuine dispute as to any material fact, and factual inferences are viewed most favorably to the nonmoving party. See Rauenhorst v. Commissioner, 119 T.C. 157, 162 (2002). A party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial in order to rebut the

---

[2]This case is appealable, barring a stipulation to the contrary, to the Court of Appeals for the D.C. Circuit. See sec. 7482(b)(1).

moving party's assertions of fact. See Rule 121(d); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

B. Analysis

Section 61(a) provides that gross income means "all income from whatever source derived." Citizens of the United States are taxed on their worldwide income unless a specific exclusion applies. Specking v. Commissioner, 117 T.C. 95, 101-102 (2001), aff'd sub nom. Haessly v. Commissioner, 68 F. App'x 44 (9th Cir. 2003), and aff'd sub nom. Umbach v. Commissioner, 357 F.3d 1108 (10th Cir. 2003). Exclusions from gross income are construed narrowly, and a taxpayer must clearly establish his entitlement to any such exclusion. Id.

Section 911(a)(1) provides that a "qualified individual" may elect to exclude from gross income, subject to limitations set forth in subsection (b)(2), his or her "foreign earned income." Pursuant to section 911(b)(1)(B)(ii), foreign earned income does not include amounts "paid by the United States or an agency thereof to an employee of the United States or an agency thereof".

Respondent asserts that petitioner's wages are not foreign earned income for purposes of section 911 because the U.S. Department of State paid these wages to petitioner as its employee.

In his petition, petitioner appears to assert that he was not a U.S. Government employee during the years at issue. He alleges that under the terms of his PSA he is excluded from certain perquisites which he says are normally afforded to U.S. Government employees. He further alleges that in order to apply for his position he was required to be a resident of Germany, have a German work permit, and have a local bank account to receive his salary, which was paid in local currency. He cites 22 U.S.C. section 2669, which provides in relevant part:

> The Secretary of State may use funds appropriated or otherwise available to the Secretary to--
>
> \*        \*        \*        \*        \*        \*        \*
>
> (c) employ individuals or organizations, by contract, for services abroad, and individuals employed by contract to perform such services shall not by virtue of such employment be considered to be employees of the United States Government for purposes of any law administered by the Office of Personnel Management * * *

As the Court of Appeals for the D.C. Circuit has observed, however, this "clause (considered in isolation) confirms that § 2669(c) employees <u>are</u> employees of the federal government for purposes of any law <u>not</u> administered by [the Office of Personnel Management]". <u>Miller v. Clinton</u>, 687 F.3d 1332, 1343 (D.C. Cir. 2012) (emphasis in original) (holding that a U.S. citizen working abroad for the U.S. Department of State pursuant to a PSA, authorized under 22 U.S.C. sec.

2669(c), was an employee covered by the statutory protections of the Age Discrimination in Employment Act of 1967, Pub. L. No. 90-202, sec. 15, 81 Stat. at 607 (codified as amended at 29 U.S.C. sec. 633a (2012))); see also 48 C.F.R. sec. 637.104-71(b) (2017) (defining a PSA as "a method of employment using the statutory authority under 22 U.S.C. [sec.] 2669(c)").  Petitioner has cited, and we are aware of, no other clause of the Basic Authorities Act or any other provision of law that would suggest any other construction or effect of the Basic Authorities Act as applied to this case.

Clearly, section 911 is not a "law administered by" the Office of Personnel Management.  Rather, it is part of the Internal Revenue Code, which (with exceptions not relevant here) is administered "by or under the supervision of the Secretary of the Treasury."  Sec. 7801(a).  Accordingly, pursuant to 22 U.S.C. sec. 2669(c) petitioner is considered an employee of the U.S. Government for income tax purposes, notwithstanding his assertions about the nature of his employment perquisites and conditions.  Consequently, the wages that he received from the U.S. Department of State do not constitute foreign earned income within the

meaning of section 911(b)(1). He is therefore not entitled to the foreign earned income exclusion for the years in issue.[3]

To reflect the foregoing,

<u>An order will be issued granting respondent's motion for partial summary judgment</u>.

---

[3]Respondent has not sought summary judgment with respect to the sec. 6662(a) accuracy-related penalties. We leave that issue for further proceedings.