T.C. Memo. 2007-179

UNITED STATES TAX COURT

DAN R. AND ANN P. KUNZE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8174-04.                    Filed July 5, 2007.

        Ps, along with approximately 150 similarly
situated taxpayers, are U.S. persons who earned income
from working in Antarctica.  On their Federal income
tax return, Ps excluded income earned during 2000 from
working in Antarctica.  R issued a notice of deficiency
for 2000 in which R determined that the income Ps
earned during 2000 from working in Antarctica is not
excludable from income.

        <u>Held</u>:  The income Ps earned in Antarctica is not
excludable from income pursuant to I.R.C. sec. 911.
<u>Arnett v. Commissioner</u>, 126 T.C. 89 (2006), affd. 473
F.3d 790 (7th Cir. 2007), followed.

Larry D. Harvey, for petitioners.

Randall L. Preheim, for respondent.


MEMORANDUM OPINION


VASQUEZ, Judge:  This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121.[1] After a concession,[2] the sole issue for decision is whether petitioners can exclude from income wages earned during 2000 from working in Antarctica.

### Background

At the time they filed the petition, petitioners resided in Lander, Wyoming.  During 2000, petitioners performed services at McMurdo Station in Ross Island, Antarctica.  On their 2000 Federal income tax return, petitioners excluded wage income earned and received during 2000 for services performed in Antarctica.

---

[1]  Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the year in issue.  Respondent has filed similar motions for summary judgment in dockets of the similarly situated taxpayers who are U.S. persons who earned income from working in Antarctica.

[2]  Respondent concedes that no penalty pursuant to sec. 6662 is due from petitioners for 2000.

## Discussion

### I.  Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact and that the legal issues presented by the motion may be decided as a matter of law.  See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

### II.  In General

Section 61(a) provides that gross income means all income from whatever source derived.  Accordingly, citizens of the United States generally are taxed on income earned outside the geographical boundaries of the United States unless the income is specifically excluded from gross income.  Specking v. Commissioner, 117 T.C. 95, 101-102 (2001), affd. sub nom. Haessly v. Commissioner, 68 Fed. Appx. 44 (9th Cir. 2003), affd. sub nom. Umbach v. Commissioner, 357 F.3d 1108 (10th Cir. 2003). Exclusions from income are construed narrowly, and taxpayers must bring themselves within the clear scope of the exclusion.  Id.

III.  Section 911

In Arnett v. Commissioner, 126 T.C. 89, 91-96 (2006) (Arnett I), affd. 473 F.3d 790 (7th Cir. 2007) (Arnett II), we addressed the arguments made by the parties herein regarding section 911. The U.S. Court of Appeals for the Seventh Circuit agreed with our analysis of section 911 and affirmed our conclusion that Antarctica is not a "foreign country" pursuant to section 911 and the regulations thereunder.  Arnett v. Commissioner, 473 F.3d at 799.  We shall not repeat our analysis from Arnett I herein.  We follow our analysis and holding in Arnett I and the analysis and holding of the Court of Appeals in Arnett II.[3]

---

[3]  In Arnett v. Commissioner, 126 T.C. 89 (2006), affd. 473 F.3d 790 (7th Cir. 2007), we concluded our Opinion with a citation of sec. 863(d) suggesting that sec. 863(d) provided an additional reason to rule against the taxpayer.  Id. at 96 ("See also sec. 863(d) (providing that income earned in Antarctica by a U.S. person is sourced in the United States).").  In Arnett v. Commissioner, 473 F.3d at 797, the U.S. Court of Appeals for the Seventh Circuit addressed sec. 863(d) in greater detail, stating:

> At the outset, we think that it is important to note that considering Antarctica not to be a "foreign country" is compatible with the general statutory scheme.  Notably, section 911 is found under subtitle A, chapter 1, subchapter N of the IRC, which is designated "Tax Based on Income from Sources Within or Without the United States."  Part I of this subchapter, entitled "Source Rules and Other General Rules Relating to Foreign Income," deems any activity in Antarctica to be "space or ocean activity."  In turn, the United States is designated the source country of income from such activity when earned by a citizen of the United States.  26 U.S.C. § 863(d).  Although this provision does not provide a definitive answer as to whether Antarctica is a "foreign country," it supports the conclusion that section 911 is not intended to apply to

(continued...)

IV.  Conclusion

Accordingly, for the reasons stated in Arnett I, Arnett II, and herein, we conclude that petitioners cannot exclude from gross income wages earned during 2000 from working in Antarctica.

To reflect the foregoing,

An appropriate order and

decision will be entered.

---

[3](...continued)
income earned for services provided in Antarctica.

We take this opportunity to state our agreement with the Court of Appeals' conclusion set forth above.  See also HCSC-Laundry v. United States, 450 U.S. 1, 6 (1981).