SHANNON L. FERNANDEZ, PETITIONER *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3143–10.                    Filed May 14, 2012.

R determined that for 2007 P failed to report income of $11,691 from the Los Angeles County Employees Retirement Association received on account of a divorce agreement, treated like a qualified domestic relations order, awarding her a portion of her former husband's disability pay. P argues that either: (1) the $11,691 is excluded from her income under I.R.C. sec. 104(a)(1) because I.R.C. sec. 402(e)(1)(A) provides that an alternate payee, pursuant to I.R.C. sec. 414(p), who is the former spouse of the participant shall be treated as the distributee of any distribution or payment made to the alternate payee under a qualified domestic relations order, or (2) she steps into the shoes of her former spouse and therefore should receive the same tax treatment on the payments. *Held*: P may not exclude the $11,691 from income under I.R.C. sec. 104(a)(1).

*J. Christopher Toews*, for petitioner.
*Kris H. An* and *Laura Beth Salant*, for respondent.

OPINION

WHERRY, *Judge*: This case is before the Court on a petition for redetermination of a deficiency. Respondent determined that petitioner had unreported income of $11,691, resulting in an income tax deficiency of $3,587 for the 2007 tax year.

This case stems from petitioner's receipt of $11,691 from the Los Angeles County Employees Retirement Association (LACERA) pursuant to a divorce agreement awarding her a portion of her former husband's disability pay. The issue for decision is whether petitioner may exclude the $11,691 from income under section 104. [1]

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (Code), as amended and in effect for the taxable year at issue. The Rule references are to the Tax Court Rules of Practice and Procedure.

## *Background*

This case was submitted at the scheduled trial session fully stipulated pursuant to Rule 122. The parties' stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. At the time the petition was filed, petitioner resided in California.

On October 1, 1974, Mr. Fernandez, whom petitioner married on November 6, 1976, began working for the Los Angeles County Sheriff's Department. While working for the Los Angeles County Sheriff's Department, Mr. Fernandez became disabled and retired on March 31, 1993. At the time of his retirement, Mr. Fernandez did not qualify for normal retirement under the LACERA plan on the basis of his age and years of service because he did not meet the 20-year service requirement. Therefore, Mr. Fernandez opted for a "service-connected disability" retirement and began receiving service-connected disability retirement benefits from LACERA effective March 31, 1993.

Petitioner and Mr. Fernandez were legally separated on March 24, 1995, and then filed for divorce. The divorce became final before the 2007 year at issue in this case. On May 5, 1997, the California Superior Court entered an order and stipulated division of retirement benefits that awarded petitioner a percentage of Mr. Fernandez' retirement benefits from LACERA. It stated that petitioner's percentage would be computed as "Number of months of LACERA service between date of marriage (November 6, 1976) and date of separation (March 24, 1995) divided by months of service in LACERA SYSTEM at time of retirement of Member times 50% times Retirement allowance payable to Member." Petitioner is entitled to receive monthly retirement benefit distributions from LACERA until Mr. Fernandez' death.

During the 2007 tax year petitioner received $11,850 in distributions from LACERA. For the 2007 tax year LACERA issued petitioner a Form 1099–R, Distribution From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., treating $11,691 as taxable and $159 as nontaxable.[2] Petitioner did not include any of the

---

[2] Nothing in the record explains why the $159 was treated as nontaxable.

amount received from LACERA in her 2007 Federal income tax return.

On December 28, 2009, respondent sent to petitioner a notice of deficiency determining a $3,587 deficiency in income tax. On February 2, 2010, petitioner timely petitioned the Court for redetermination of the deficiency.

## *Discussion*

As a general rule, the Commissioner's determination of a taxpayer's liability in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

Section 61(a) defines gross income as "all income from whatever source derived, including * * * (11) Pensions", unless otherwise provided. Section 104 provides otherwise by authorizing an exclusion with respect to compensation for injuries or sickness. Such exclusions from gross income are construed narrowly. *See Commissioner v. Schleier*, 515 U.S. 323, 328 (1995). Section 104 provides in pertinent part as follows:

SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.

  (a) IN GENERAL.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include—

    (1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness;

Regulations promulgated under section 104 further explain the exclusion:

Section 104(a)(1) excludes from gross income amounts which are received by an employee under a workmen's compensation act (such as the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C., c. 18), or under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment. Section 104(a)(1) also applies to compensation which is paid under a workmen's compensation act to the survivor or survivors of a deceased employee. * * * [Sec. 1.104–1(b), Income Tax Regs.]

The parties do not dispute that section 104(a)(1) excludes from Mr. Fernandez' income the amounts he received from LACERA. The question is whether the same section excludes

the amounts petitioner received attributable to Mr. Fernandez' benefits under the stipulated division of retirement benefits.

Petitioner argues that the $11,691 is excluded from her income because section 402(e)(1)(A) provides that an alternate payee pursuant to section 414(p) who is the former spouse of the participant shall be treated as the distributee of any distribution of payment made to the alternate payee under a qualified domestic relations order (QDRO). [3]

Section 402(a) provides that amounts distributed from employee trusts are taxable to the distributee "Except as otherwise provided in this section", and section 72 provides that "Except as otherwise provided in this chapter gross income includes any amount received as an annuity * * * under an * * * endowment, or life insurance contract." [4] Nowhere in section 402(a) or section 72 is section 104(a) mentioned. Section 402(e)(1)(A) explicitly provides: "For purposes of subsection (a) [of section 402] and section 72, an alternate payee who is the spouse or former spouse of the participant shall be treated as the distributee of any distribution or payment made to the alternate payee under a qualified domestic relations order". If Congress had included section 104 in this portion of the statute, the result in this case might be different. However, without congressional approval we decline to expand the reach of section 402(e)(1)(A) beyond the sections specifically referred to in its text.

In the alternative petitioner argues that because she steps into the shoes of her former husband and he was injured at the time of his early retirement, she should be taxed in the same manner as her former husband. A version of section 104(a)(1) allowing an injured person to exclude disability income from his or her taxable income has been in the Code since the Revenue Act of 1918 when it was added because "Under the present law it is doubtful whether amounts

[3] As petitioner points out, the order entered in her divorce case is not technically a QDRO because it relates to a distribution from a government plan. However, under sec. 414(p)(11) the distribution is treated in the same manner as one made pursuant to a QDRO.

[4] We note that generally tax-qualified plans are subject to sec. 401(a)(13), which prohibits any assignment or alienation of the benefits of the plan and that sec. 402 was added to the Code in order to create "an exception to the ERISA preemption provision with respect to these [QDRO] orders". S. Rept. No. 98–575, at 19 (1984), 1984–2 C.B. 447, 456. Sec. 402, under very explicit circumstances, protects the rights of former spouses by allowing for the assignment of benefits pursuant to a QDRO. Although part of that protection, the purpose of sec. 402 was not, as petitioner argues, to prevent the taxation of benefits assigned from a former spouse.

received * * * as compensation for personal injury or sickness * * * are required to be included in gross income." H.R. Rept. No. 65–767 (1918), 1939–1 C.B. (Part 2) 86, 92. In all of the years since, to our knowledge, petitioner's particular issue has not been before the Court. We note that petitioner did not suffer an injury, and the Senate explicitly stated "as compensation for personal injury". In the case at hand the compensation was not for petitioner's personal injury, but that of her former husband.

Petitioner does not cite any relevant law to establish her position. We similarly find none; and in the absence of congressional intent we note that we have strictly construed section 104(a)(1) to conform to the general purview of section 61, that all income is taxable unless explicitly excluded. *See Baldwin v. Commissioner*, T.C. Memo. 2000–306 (citing *Kane v. United States*, 43 F.3d 1446, 1449 (Fed. Cir. 1994)).[5] Accordingly, we find that the $11,691 is taxable income to petitioner and she is liable for the deficiency.

The Court has considered all of petitioner's contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

*Decision will be entered for respondent.*

---

[5] This outcome should come as no surprise to petitioner. Although not controlling on this Court, we note that the order and stipulated division of retirement benefits stated that "[d]istribution under this Order shall be taxable to the Non-member [petitioner] and not the Member [her former spouse]." We further note that the State court did not decrease petitioner's share of the disability payments because it believed that she would receive the money tax free.